UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | | |
|---|---|---|
| NIKOLAI MIRSKI, | ) | No. CV 05-03589 (SH) |
| | ) | |
| | ) | MEMORANDUM DECISION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Acting Commissioner of the Social Security Administration | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. PROCEEDINGS

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C.§ 636(c), the parties have consented that the case be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings, Defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

Plaintiff filed an Application for Social Security benefits in June 23, 1998 alleging inability to work due to back and leg pain and depression. (Administrative Record "AR" 40-43). The request was denied initially and upon reconsideration. (AR 29 - 32, 34 - 37). Plaintiff filed a timely Request for Hearing and a hearing was held on March 7, 2000 before Administrative Law Judge ("ALJ") Lawrence D. Wheeler. (AR 330 - 363). That same day, Plaintiff filed a new SSI application before the hearing decision was issued. On May 19, 2000, ALJ Wheeler denied the June 23, 1998 SSI application. (AR 233-242). On July 17, 2000, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. (AR 299 - 304).

While Plaintiff's appeal of the May 19, 2000 decision was pending at the Appeals Council, Plaintiff's subsequent March 7, 2000 SSI application came on for hearing before ALJ Tobin on March 27, 2002 (AR 364-383). ALJ Tobin did not render a decision on the March 7, 2000 application and did not take any further action concerning that application.

By Notice of September 15, 2003 the Appeals Council vacated the ALJ's decision of May 19, 2000 and remanded the case for further proceedings. (AR 305 - 307). On August 2, 2004, a supplemental hearing was held by ALJ Wheeler (AR 384 - 405), resulting in a decision, dated November 10, 2004 (AR 12-24), denying Plaintiff's applications of June 23, 1998 and March 7, 2000.

On January 3, 2005, Plaintiff filed with the Appeals Council for a request for review of the November 10, 2004 ALJ decision. (AR 327 - 329). By Notice of March 2, 2005, the Appeals Council denied Plaintiff's request for review. (AR 8 - 11). Plaintiff then commenced the present action.

## II. PLAINTIFF'S CLAIMS

Plaintiff first asserts that the ALJ failed to properly assess the plaintiff's postural limitations and the affect of the postural limitations on plaintiff's ability to perform past relevant work. Plaintiff also contends that the ALJ failed to properly assess the plaintiff's mental limitations and the impact of the mental limitations on the plaintiff's ability to perform past work. Finally, the Plaintiff contends that the ALJ made improper credibility findings.

## III. DISCUSSION

*Issue No. 1:*

Plaintiff contends that the ALJ improperly assessed Plaintiff's postural limitations by misstating, misrepresenting, and omitting uncontroverted evidence. The ALJ is responsible for establishing the Plaintiff's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 416.946 (2005). Where the medical evidence is in conflict, the Commissioner has the discretion to chose between contradicted evidence. Sanchez v. Secretary of Health and Human Servs., 812 F. 2d 509, 511 (9th Cir. 1987). However, the Commissioner must make full and detailed findings of fact that are essential to the Commissioner's conclusion so that a reviewing court may determine the basis for the decision and whether substantial evidence supports the Commissioner's decision. See Lewin v. Schwieker, 654 F.2d 631 n. 7, 634 (9th Cir. 1981).

The ALJ properly assessed Plaintiff's postural limitations and the affect of the postural limitations on Plaintiff's ability to perform past relevant work. The ALJ concluded that Plaintiff was capable of work "not involving bending or squatting more than 2/3 of the workday." (AR 17). Plaintiff erroneously asserts that medical evidence on the record indisputably establishes that Plaintiff is limited in bending to "occasional." An "occasional" activity is performed up to one-third of the time. (AR 399). An activity performed more than one-third of the time is considered "frequent". (AR 399). Dr. Siciarz concluded the Plaintiff's physical limitations were "unlimited except for frequent squatting and forward bending, which he should limit to one-third to two-thirds of a normal eight-hour day." (AR 116). Plaintiff contends that Dr. Siciarz's negation of "frequent squatting and forward bending" implies a limitation to "occasional" squatting and forward bending. Defendant contends that Dr. Siciarz's limitation of squatting/bending from 1/3 to 2/3 of the time indicates a "frequent" activity level. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). Because Dr. Siciarz's assessment could arguably support both Plaintiff's and Defendant's contentions, the ALJ could properly chose to interpret the assessment as meaning up to two-thirds.

The Plaintiff incorrectly asserts that the ALJ misstated the medical opinion of Dr. Darvish.

It is an error for an ALJ to misstate the competent evidence in the record to justify his conclusion. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The ALJ did not misstate or misrepresent the Dr. Darvish's opinions. The ALJ did find that "the best evidence in the physical realm is from consultative examiners Drs. Siciarz and Darvish," and subsequently summarized both Doctors' reports (AR 20). The ALJ noted that Dr. Darvish believed Plaintiff was "limited to stooping, crouching, kneeling and crawling to no more than an occasional" basis. (AR 21). The ALJ also reported that Plaintiff's "range of motion, carried out actively and voluntarily, was within normal limits. There was no evidence of increased muscle tone or spasm or complaints of tenderness to palpation throughout the lower back. The claimant had negative straight leg raising. Examination of the extremities, joints, and cervical spine showed normal range of motion and were otherwise unremarkable. Neurological examination revealed essentially normal strength." The ALJ is not required to adopt all of an examining physician's assessment. See, e.g., Thomas v. Barnhart 278 F.3d 947, 957 (9th Cir. 2002) (finding ALJ properly relied on one physician's lab examination of record and not his unsupported statements of disability in a student loan form, and instead correctly referenced a second physician's notes).

Plaintiff also briefly contends that the ALJ improperly rejected the opinions of Plaintiff's treating physicians, Dr. Pilossyan and Dr. Gross when assessing Plaintiff's postural limitations. A treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). However, where the treating physician's expressions of disability are not supported by the record, an ALJ may properly reject such expressions. Id. at 751. The ALJ properly rejected the opinions of Dr. Pilossyan and Dr. Gross as they were not supported by the record. (AR 19 - 20). The ALJ also found that Dr. Pilossyan's findings were based on Plaintiff's own report of his subjective complaints. (AR 16 - 23). See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that ALJ properly rejected a physician's opinion which was premised on a claimant's subjective complaints).

*Issue No. 2:*

Plaintiff contends that the ALJ improperly assessed Plaintiff's mental limitations by ignoring or selectively using medical evidence in the record. Specifically, Plaintiff contends that the ALJ erred by not citing clear and convincing reasons for rejecting the uncontradicted opinions of consultative examiners Dr. Goldsmith and Dr. Ho. Plaintiff also contends that the ALJ erred by failing to mention the opinion of the State Agency reviewing physician.   Finally, Plaintiff contends that ALJ erred by ignoring without any explanation the specific limitations in mental functioning assessed by Dr. Vintas.

The ALJ did not err in rejecting the opinion of Dr. Goldsmith because his opinion was contradicted. The ALJ is responsible for resolving conflicts in the medical testimony and analyzing the evidence. Magallanes, 881 F.2d at 750.   The ALJ only needs to provide clear and convincing reasons when rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons supported by substantial evidence in the record to reject the contradicted opinion of an examining physician. Lester v. Chater, 81 F.3d 821, 830 - 831 (9th Cir. 1995). Dr. Goldsmith opined that Plaintiff's psychological impairments rendered him unable to work in a regular work environment and concluded his prognosis was poor. (AR 123). Dr. Ho and Dr. Vintas' prognosis were much less severe than Dr. Goldsmith's.   Dr. Ho reported that Plaintiff is "able to make simple, social, occupational and personal adjustments." (AR 127). Dr. Vintas opined that the claimant could work under certain restrictions. (AR 286).   After summarizing Dr. Goldsmith's opinion, the ALJ provided a specific and legitimate for rejecting his assessment; "Dr. Goldsmith's comments regarding the claimant's capacity to function based on acculturation and phase of life problems were vague and did not support the limitations that he assessed." (AR 22).   The ALJ did not err in failing to mention the opinions of the state agency physician and of Dr. Ho in his analysis. An ALJ must make full and detailed findings of fact which are essential to his or her conclusion so that a reviewing court may determine the basis for the decision and whether substantial evidence supports the Commissioner's decision. See Lewin v. Schwieker, 654 F.2d 631, 634 n.7, 635 (9th Cir. 1981).   However, the Commissioner need not discuss <u>all</u> evidence presented. Rather, the Commissioner must explain why "significant evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)

(emphasis in original). The ALJ's decision discussed the opinions of both Dr. Vintas and Dr. Goldsmith. First, the ALJ does not need to explain why Dr. Ho's opinion was rejected because Dr. Ho's opinion supports the ALJ's conclusion. As previously mentioned, Dr. Ho believed Plaintiff was able to make simple social, occupational, and personal adjustments (AR 127), reflecting the ALJ's conclusion that Plaintiff is capable of working in situations "not involving more than minimal contact with others and or more than simple and repetitive tasks." (AR 17). Similarly, the state agency physician believed that Plaintiff was not significantly limited in most areas of mental functioning, moderately limited in ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to work a normal work week without interruptions, and ability to interact with the general public. (AR 166 - 167). Even if, as Plaintiff argues, some of the state agency physician's opinion supports the Plaintiff's claim, the ALJ did not err by failing to discuss it since it does not constitute substantial evidence either for or against the finding of disability.

The Plaintiff erroneously asserts that the ALJ ignored without any explanation the specific limitations in mental functioning assessed by Dr. Vintas. First, the ALJ did include Dr. Vintas's opinion of the Plaintiff's limitations in mental functioning; "Dr. Vintas described the claimant as slightly anxious. His concentration was minimally impaired. Immediate memory was mildly impaired and recent and remote memories were fair." Dr. Vintas commented that Plaintiff was very vague about hearing voices in his head and that he did not appear to be under the influence of auditory and visual hallucinations. Dr. Vintas diagnosed anxiety disorder, not otherwise specified. He commented that the claimant behaved as though he had a mild to moderate limitation in maintaining stress in the workplace, a mild limitation maintaining adequate concentration, a mild to moderate limitation in maintaining adequate pace and a moderate limitation in dealing with the usual work pressures, stresses and changes encountered in a workplace. (AR 22). Dr. Vintas' opinion is reflected in the ALJ's conclusion that "a restriction to working with minimal contact with others and at simple and repetitive tasks adequately covers any problems that the claimant had with social interaction, cognitive functioning or stress

tolerance. (AR 22). Second, the ALJ was not required to adopt all of Dr. Vintas' findings. See, e.g., Magallanes, 881 F.2d at 747 (holding the ALJ is not required to adopt all of a physician's findings to find that his opinion contains substantial evidence).

*Issue No. 3:*

Plaintiff contends that the ALJ made improper credibility findings because the ALJ failed to state any valid, clear and convincing reasons for rejecting Plaintiff's credibility. Specifically, Plaintiff contends that the ALJ ignored medical evidence in the record that substantiates Plaintiff's claims. Plaintiff also contends that the ALJ failed to identify specific statements that were inconsistent and contradictory. The Commissioner's assessment of plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.3d 528, 531 (9th Cir. 1985). In finding that the claimant lacks credibility, an ALJ must set forth clear and convincing reasons supported by the record. Holohan v. Massanari, 246 F.3d 1195 (9th Cir. 2001).

The ALJ set forth clear and convincing reasons supported by the record. In fact, the ALJ spends three full paragraphs discussing Plaintiff's inconsistent and contradictory statements. "The claimant testified at the initial hearing that he stopped working in 1995 because he was not allowed to keep his job, but after prodding by counsel, stated that it was his election to stop working. He first testified that he did not drive, but then acknowledged having driven his daughter's car for a couple of months. He specifically told Dr. Goldsmith that he did not know how to drive, yet has acknowledged maintaining a California's driver's license and doing some driving." (AR 18). "He presents somewhat inconsistently on tests that are solely dependant on patient's subjective responses - (e.g., range of motion despite a lack of trauma or changes in the diagnostic picture. At the August 2004 hearing, after its importance to the case became obvious, the claimant appeared to claim his job required more bending/stooping than he had previously described." (AR 18). Even though the Plaintiff tries to explain away some of these inconsistencies, the inconsistencies are present in the record, whereas these explanations are not. The ALJ's credibility findings are not in error simply because some medical evidence supports Plaintiff's contentions. Where medical evidence is in conflict, the Commissioner has the

1 | discretion to choose between the contradicted evidence.  Sanchez, 812 F.2d at 511.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and the plaintiff's Complaint is dismissed.

DATED: June 13, 2006

```
                       _____s_____
                            STEPHEN J. HILLMAN
                       UNITED STATES MAGISTRATE JUDGE
```